GEORGE TOWNSEND v. HENRY S. BILLINGE and WILLIAM T. JONES.

The production of a check, drawn payable to "bearer," upon the trial, is sufficient *prima facie* evidence of title, to enable the plaintiff to recover upon it.

APPEAL from a judgment of the general term of the Marine Court. The action was brought on a check, alleged to have been drawn by defendants under their firm-name of Billinge & Jones, on the Importers' and Traders' Bank, for $400, which was averred to have been "duly delivered" to plaintiff before maturity, and to have been presented at maturity, but payment refused, of which defendants had due notice.

Billinge alone was served with process. His answer admitted the partnership at the date of drawing the check, but denied that the defendants made the check, or that it was duly delivered to the plaintiff, or that plaintiff was the lawful owner and holder thereof.

Upon the trial, it appeared that Jones signed the check in the firm-name, and got it cashed by one Terhune, a broker. No assignment or delivery of the note to the plaintiff was proved. The plaintiff, however, produced the check upon the trial. The defendant's counsel moved to dismiss the complaint, upon the ground that there was no proof of ownership in the plaintiff. The court overruled the motion, and rendered judgment for the plaintiff. Defendant appealed to the general term, where the judgment was affirmed, and he now appealed from the judgment of the affirmance.

*C. W. Sanford*, for the appellant, contended that plaintiff was bound to prove affirmatively the transfer and delivery to him. *The Bank of Geneva* v. *Gulick*, 8 How. Pr. R. 51; *Parker* v. *Totten*, 10 ibid. 233; 4 Sandf. S. C. R. 696.

*Frederick. G. Burnham*, for the respondents.

DALY, J.—The check was payable to bearer, and was therefore transferable by delivery. The answer merely averred that the plaintiff was not the lawful holder or owner, and the production of the check upon the trial, in the possession of the plaintiff, was *prima facie* evidence of transfer and title. It was proved that the check was signed on the 6th of Nov., 1856, and admitted by the answer that the defendants were then partners.

The plaintiff was entitled to recover, and the judgment should be affirmed. *James* v. *Chalmers*, 2 Selden, 209 and 214.

Judgment affirmed.